Georlen Spangler, Esq.
Nevada Bar No. 3818
LAW OFFICE OF GEORLEN K. SPANGLER
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ABOLFAZL HOSSEINPOUR,

Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON as Claims Administrator for the Safeway, Inc. Group Disability Income Plan; DOES I through V; and ROE CORPORATIONS I through V, inclusive,

Defendants.

Case No. 2:18-CV-01371-JAD-CWH

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Liberty Life Assurance Company of Boston ("Liberty Life") files this, Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Abolfazl Hosseinpour ("Plaintiff"), and states as follows:

**<u>JURISDICTION AND VENUE</u>**

1. Liberty Life admits that Plaintiff's claims are governed by Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132(a)(1)(B)), but Liberty Life denies that Plaintiff is entitled to any such relief. Liberty Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Liberty Life admits that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)), but Liberty Life denies that Plaintiff is entitled to any such relief.

Liberty Life admits this Court has subject matter jurisdiction over this action. Liberty Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Liberty Life admits venue of this action is proper in this Court. Liberty Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

**GENERAL ALLEGATIONS**

4. Liberty Life admits Safeway, Inc. ("Safeway") sponsored an employee benefit plan (the "LTD Plan") to provide long-term disability benefits to certain of its employees, and that the LTD Plan was, at certain times, insured, at least in part, by the Group Disability Income Policy (the "Policy") that Liberty Life issued to Safeway. Liberty Life admits, upon information and belief, that Plaintiff was, at certain times, employed by Safeway and that due to such employment, was, at certain times, a participant in the LTD Plan. To the extent that paragraph 4 of the Complaint contains legal conclusions, Liberty Life is not obligated to respond. Liberty Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Liberty Life admits that Plaintiff was, at certain times, employed by Safeway and that Safeway sponsored and was the Plan Administrator of the LTD Plan. Liberty Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Liberty Life admits it issued the Policy to Safeway, which, at certain times, insured benefits from the LTD Plan. Liberty Life admits it was, at certain times, the claim administrator for benefits paid from the LTD Plan under the Policy. Liberty Life specifically denies that it was the Plan Administrator of the LTD Plan. To the extent that paragraph 6 of the Complaint contains legal conclusions, Liberty Life is not obligated to respond. Liberty Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Liberty Life admits it issued the Policy to Safeway, which, at certain times, insured benefits from the LTD Plan. Liberty Life admits it was, at certain times, the claim

administrator for benefits paid from the LTD Plan under the Policy. Liberty Life specifically denies that it was the Plan Administrator of the LTD Plan. To the extent that paragraph 7 of the Complaint contains legal conclusions, Liberty Life is not obligated to respond. Liberty Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Liberty Life admits Plaintiff submitted a claim for, and at certain times received, benefits from the Safeway, Inc. Short Term Disability Plan (the “STD Plan”). Liberty Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Liberty Life admits Plaintiff received, at certain times, benefits from the STD Plan. Liberty Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Liberty Life admits Plaintiff submitted a claim for benefits from the LTD Plan. Liberty Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Liberty Life admits the Policy includes language pertaining to the definitions of “Disabled” or “Disability,” “Own Occupation,” and “Any Occupation” as applicable to a participant’s claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Liberty Life admits that Plaintiff was, at certain times, employed by Safeway as a Pharmacy Manager. Liberty Life admits that documents in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy contain information concerning Plaintiff's own occupation, and Liberty Life refers to the administrative record itself as the best

evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Liberty Life admits that documents in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy contain information concerning Plaintiff's own occupation, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Liberty Life admits that documents in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy contain information concerning Plaintiff's own occupation, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Liberty Life admits it sent a letter to Plaintiff dated March 22, 2016, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Liberty Life admits it received a letter from Plaintiff's counsel dated September 19, 2016, along with additional documentation, appealing the termination of Plaintiff’s claim for benefits from the LTD Plan, which is contained in the administrative record, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Liberty Life admits it sent a letter to Plaintiff’s counsel dated December 12, 2016, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life admits Plaintiff received, at certain times, benefits from the LTD Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Liberty Life admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Liberty Life admits it sent a letter to Plaintiff's counsel dated August 4, 2017, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Liberty Life admits it sent a letter to Plaintiff's counsel dated August 4, 2017, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life admits certain documents relating to an independent medical examination are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Liberty Life admits it received a letter from Plaintiff's counsel dated February 27, 2018, along with additional documentation, appealing the termination of Plaintiff's claim for benefits from the LTD Plan, which is contained in the administrative record, and Liberty Life

refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Liberty Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Liberty Life admits it sent a letter to Plaintiff's counsel dated April 12, 2018, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Liberty Life admits it sent a letter to Plaintiff's counsel dated April 12, 2018, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Liberty Life admits it sent a letter to Plaintiff's counsel dated April 12, 2018, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 25 of the Complaint.

**Claim for Relief: Wrongful Denial of Benefits under ERISA §502(a)(1)(B), 29 U.S.C. §1132(A)(1)(B)**

26. Liberty Life incorporates its responses to Paragraphs 1-25 by reference as if fully set forth herein.

27. Liberty Life denies all allegations contained in Paragraphs 27 and 27a.-e., of the Complaint.

28. Liberty Life admits it sent letters to Plaintiff's counsel dated August 4, 2017 and April 12, 2018, and Liberty Life refers to the letters themselves as the best evidence of their contents. To the extent that the allegations contained in Paragraph 28 seek to interpret the provisions of the Policy or documents governing the LTD Plan, Liberty Life refers to the Policy

and the documents governing the LTD Plan as the best evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Liberty Life denies all allegations contained in the Prayer of the Complaint, including Paragraph 29, and denies Plaintiff is entitled to any such relief or recovery.

Liberty Life denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Liberty Life's decisions concerning Plaintiff's claim for benefits was not arbitrary or capricious and was not an abuse of the conferred discretion.

4. Plaintiff's recovery of benefits, if any, from Liberty Life is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other benefits, including any disability benefits Plaintiff or her dependents receive from the Social Security Administration.

5. Plaintiff has failed to exhaust her administrative remedies regarding any specific claims, issues, or rationales that she failed to raise in support of her claim or during the administrative review process.

6. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

7. Liberty Life reserves the right to assert additional defenses.

**PRAYER**

Liberty Life requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Liberty Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Liberty Life be awarded such other and further relief to which it may show itself entitled.

Dated this 20th day of August 2018.

LAW OFFICE OF GEORLEN K. SPANGLER

By: *__/s/ Georlen Spangler__*
Georlen Spangler
Nevada Bar No. 3818
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

Pursuant to Special Order #109, the following counsel of record registered for the CM/ECF system have been served with the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** by electronic means:

Julie A. Mersch, Esq.
LAW OFFICE OF JULIE A. MERSCH
701 S. 7th Street
Las Vegas, NV 89101
Email: jam@merschlew.com

*Attorneys for Plaintiff*

Dated this 20th day of August, 2018.

*/s/ Georlen K. Spangler*
Georlen K. Spangler